1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| ANITA B. CARR,<br><br>Plaintiff,<br><br>v.<br><br>MARTHA J. BRONITSKY,<br><br>Defendant. | Case No.  15-cv-05781-WHO<br><br>**ORDER DENYING MOTION TO STAY AND REQUIRING FILING OF OPENING BRIEF**<br><br>Re: Dkt. No. 18 |

United States District Court
Northern District of California

Plaintiff Anita Carr has appealed from the dismissal of her Chapter 13 bankruptcy petition after a hearing before the Hon. William J. Lafferty, U. S. Bankruptcy Judge.  Bankruptcy Case # 15-42212, Dkt. Nos. 50, 74.  The Chapter 13 Trustee had recommended that the case be dismissed because Carr's Amended Chapter 13 Plan was not confirmable, citing six reasons: (i) Carr failed to commit her income to the Plan for the duration of the Plan; (ii) the Plan unfairly discriminated between unsecured debts; (iii) the Plan failed to provide for the value unsecured creditors would receive in the estate in a hypothetical Chapter 7 plan; (iv) Carr failed to provide sufficient information to value her pending lawsuits; (v) Carr had not served notice of the plan appropriately; and (vi) Carr unreasonably delayed in submitting her Plan.  *Id*., Dkt. No. 45.  At the bankruptcy hearing, Judge Lafferty noted those deficiencies in the Plan and explained that they required dismissal of Carr's case.  Dkt. No. 70 (Transcript).

Judge Lafferty also advised Carr that if the issue "really at stake" was the dispute about her mortgage, who was the holder of that mortgage, and who was entitled to foreclose on her property, those issues would better be resolved in District Court because the bankruptcy court was not the

forum for resolving that dispute. *Id*. In an order following the hearing, Judge Lafferty sustained the Trustee's objections and dismissed the case. *Id*., Dkt. No. 50. The sole issue on *this* appeal is whether Judge Lafferty appropriately dismissed the bankruptcy case based on the Trustee's objections.

Carr's opening brief on appeal was initially due on June 16, 2016. I gave her an extension of time to file until July 18, 2016. Dkt. No. 15. I warned her that failure to file her opening brief could result in dismissal for failure to prosecute. *Id*. In July, she filed a second motion seeking an additional extension of time in light of her medical conditions. Dkt. No. 16. I granted that request, and gave her until September 1, 2016 to file her brief. Dkt. No. 17. I cautioned her that no further extensions of time would be granted absent "extraordinary circumstances," and that her appeal would be dismissed for failure to prosecute if she did not file her opening brief. *Id*.

On September 7, 2016, Carr filed a motion seeking to stay this appeal pending resolution of an appeal to the Ninth Circuit of an order dismissing a prior case in the Northern District of California. Dkt. No. 18 ("Stay Motion"). In the prior case, Carr challenged the ability of U.S. Bank National Association to foreclose on her home, along with a number of other claims. *Carr v. U.S. Bank National Association*, 16-cv-01690-VC. The Hon. Vince Chhabria dismissed her claims as barred by the relevant statutes of limitations, and Carr filed an appeal that has not yet been briefed. Dkt. Nos. 38, 41. Carr argues that *this* bankruptcy appeal should be stayed pending the resolution of Judge Chhabria's dismissal and her appeal of that case because the determination of whether there was a valid mortgage deed and whether there was a fraudulent foreclosure on her home in 2008 – the merits issues she hopes to resolve in the case before Judge Chhabria – could impact this bankruptcy appeal. Stay Motion at 1-2.[1]

I disagree. The validity of the mortgage and propriety of the foreclosure Carr seeks to challenge in Judge Chhabria's case are *not* directly relevant to the narrow issue in this case: whether the Bankruptcy Court appropriately dismissed her case because of numerous problems

---

[1] Carr also argues a state court case which is, or will soon be, on appeal could also impact whether there was a valid mortgage and foreclosure. Stay Mot. at 1-2. The resolution of that case, however, is not relevant to and will not impede the resolution of *this* narrow bankruptcy appeal for the same reasons as discussed with respect to the Judge Chhabria case.

United States District Court
Northern District of California

1   with her Chapter 13 Plan.  Carr's motion for a stay is DENIED.

2        If Carr intends to prosecute this appeal, she must file her Opening Brief on appeal on or

3   before **October 7, 2016**.  Failure to do so will result in a dismissal for failure to prosecute.

4        **IT IS SO ORDERED**.

5   Dated: September 12, 2016



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3