UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA B. CARR,<br><br>    Appellant,<br><br>  v.<br><br>MARTHA BRONITSKY,<br><br>    Appellee/Trustee. | Case No. 15-cv-05781-WHO<br><br>**ORDER AFFIRMING DISMISSAL BY BANKRUPTCY COURT**<br><br>Re: Dkt. No. 20 |

Appellant Anita B. Carr, proceeding *pro se*, challenges the actions and inactions of the Bankruptcy Trustee and the Bankruptcy Court as well as the ultimate dismissal of her Chapter 13 case. The question before me is a narrow one; did the Bankruptcy Court commit legal error in dismissing Carr's case? The answer, as explained below, is no. The Bankruptcy's Court Order is AFFIRMED.

## BACKGROUND

Carr filed her Chapter 13 petition on July 15, 2015. Bankruptcy Case No. 15-42212 (here after BRC), Dkt. No. 1.[1] She filed her initial Plan on July 28, 2015 and an Amended Chapter 13 Plan on August 31, 2015. *Id.*, Dkt. Nos. 9, 23. Plaintiff filed a Third Amended Plan on September 23, 2015. BRC Dkt. No. 38. On October 30, 2015, the Bankruptcy Trustee filed an "Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Case." BRC Dkt. 45. The Trustee's objections to the Third Amended Plan were that:

- "The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan," in other words, "Debtor's Plan fails to commit her income to the Plan for the duration of the Plan because in Section 1.01(c) Debtor has failed to enter the Plan term."

---

[1] This was Carr's third Chapter 13 Petition. Two others had been filed and dismissed in 2008 and 2009. Carr had also filed a Chapter 7 Petition, which was discharged in 2007. Bankruptcy Court, Dkt. No. 3.

- "The plan unfairly discriminates between a class or classes of unsecured claims," because "Debtor provides for payment of certain unsecured claims in full in Section 2.11 while providing a 3% dividend for the remainder in Section 2.12. The reason for this discrimination is unclear. Per Section 1325(a)(4), all unsecured creditors must be paid in full."

- "The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of this title on such date," because "Debtor's proposed 3% Plan fails to pay into the Plan the amounts that unsecured creditors would receive in the estate was liquidated in a hypothetical Chapter 7. Debtor's real property in Fairfield Bay, AR and Dublin, CA have sufficient equity to pay a 100% dividend to unsecured creditors. Trustee also has a pending objection to all claims of exemptions."

- "The Plan is not feasible. The Debtor will not be able to make all payments under the plan and comply with the plan," because "Debtor has attached provisions to the Plan that are unnecessary, redundant, and lack purpose. Debtor has already provided for Hyundai Motor's claim in Section 2.07 of the Plan, so the additional provision is redundant and unnecessary. Regarding the potential lawsuit recoveries, Debtor has not provided sufficient information regarding these claims on Schedule B and the combined value of the lawsuits are stated to be $4.00. (Schedule B, Doc. #40)."

- "Debtor has filed a 28 day plan notice, but not a certificate of service. Parties have not been appropriately served in this case thus far."

The Trustee also moved to dismiss the case because:

- "Unreasonable delay by the Debtor that is prejudicial to creditors," because "Debtor's Confirmation Hearing was continued from September 24, 2015 to November to give Debtor ample time to retain counsel. As of now Debtor has not retained counsel and is no closer to resolving objections."

BRC Dkt. No. 45. In addition to the Trustee's objections, JP Morgan Chase (Chase) filed an

objection as the servicer for the J.P. Morgan Mortgage Acquisition Trust 2006-NC1, a trust that Chase alleges is the holder of a secured claim recorded against Carr's residence (Residence) that Carr listed as an assert on her Plan. Dkt. No. 43. Chase argued that the Third Amended Plan was deficient in that it did not provide for any repayment of the pre-petition arrearages owed on the mortgage, and failed to provide that post-petition monthly mortgage payments will be made to Chase. *Id*. Carr objected to Chase's objection, arguing that Chase has not submitted any proof that it was a valid servicer on a valid obligation held by a valid trust, or that TILA rescission didn't invalidate her debt; all issues that Carr had been litigating in *other* proceedings, including proceedings pending in this Court.[2] BRC Dkt. No. 44.

Carr also filed objections to the Trustee's motion, arguing that the Trustee was not impartial and Carr's due process rights were being violated because the Trustee was assuming that Chase had rights with respect to her Residence. Carr requested the Trustee to "examine" Chase's claims to determinate their veracity (*i.e.*, whether Chase was a valid servicer on a valid obligation held by a valid trust and whether TILA rescission invalidated the alleged debt). Dkt. No. 48. The Trustee responded, identifying a number of reasons separate and apart from Chase's objections and regardless of whether Chase has a valid creditor's claim on the Residence, as to why the Plan was deficient and why the case should be dismissed for delay and harm to Carr's other creditors. Dkt. No. 49. The Trustee asserted that the "duties" Carr wanted the Trustee to perform (*e.g.*, "producing affidavits on Debtor's behalf and acting the role of Debtor's attorney"), were not duties the Trustee is required or authorized to perform. *Id*. Finally, the Trustee noted that Chase had not even filed a proof of claim or an affidavit of its validity, so that any objections by Chase were irrelevant to the Trustee's analysis and position. *Id*.

A hearing was held with the Bankruptcy Judge on November 12, 2015. Dkt. No. 74. At that hearing, Carr raised the issue of Chase's objections. The Trustee responded that issues

---

[2] Plaintiff sued U.S. Bank National Assn, the then-trustee for J.P. Morgan Mortgage Acquisition Trust 2006-NC1 asserting claims regarding the mortgage and subsequent foreclosure proceedings with respect to her Residence. *See Carr v. U.S. Bank National Assn*, Case No. 16-cv-1690-VC. That case was dismissed as barred by the applicable statutes of limitations in June 2016 and is currently on appeal to the Ninth Circuit.

1   regarding Chase and its standing were not appropriately resolved in the Bankruptcy Court, but
2   should be resolved in District Court. *Id*. The Bankruptcy Judge agreed that the resolution of
3   whether Chase had a secured interest was not appropriately resolved in Bankruptcy Court and that
4   in any event the Plan had serious deficiencies, including the discrimination between unsecured
5   creditors and given her position about the equity in her Residence, the need to propose a 100%
6   Plan, which Carr had repeatedly failed to do. *Id*. at pgs. 6-7.  The Bankruptcy Judge noted that
7   despite having continued the hearing two months, Carr was still unrepresented and had not cured
8   the unsecured creditor discrimination and 100% issue.  Therefore, the Bankruptcy Judge sustained
9   the Trustee's objections and dismissed the case.  Dkt. No. 50.
10    Carr the filed this appeal and asks me to reverse the Bankruptcy Court's Order.[3]

## DISCUSSION

12  Carr's appeal challenges the alleged failure of both the Trustee and the Bankruptcy Judge
13  to resolve the issue that she believes is key, whether Chase has a legitimate secured interest in her
14  Residence.  Indeed the "statement of issues" in her opening brief all revolve around the alleged
15  interest of Chase and Carr's belief that Chase's purported interest should have been tested by the
16  Trustee and the Bankruptcy Court.  Dkt. No. 20.  By failing to do so, Carr alleges the Trustee
17  violated her fiduciary and statutory duties to the bankruptcy estate.  Those duties include failing to
18  verify that Chase had a perfected security interest under 11 U.S.C. § 506 (discussing the definition
19  of "secured status" for an "allowed claim of a creditor secured by a lien on property") and 11
20  U.S.C. § 1302(b)(1) (discussing the duties of a Trustee and incorporating 11 U.S.C. § 704(a)(5)).
21  However, § 704(a)(5) provides that "if a purpose would be served" the Trustee "shall examine
22  proofs of claims."  Here, Chase *did not* actually file and perfect a claim supported by an affidavit
23  in the Chapter 13 proceedings.  No purpose would have been served because there was no claim.
24  And even if there were a claim, as discussed below, the Plan was otherwise not confirmable so

---

[3] Carr asked for and was given three extensions of time to file her opening brief, which she did after being given a final deadline by which to file. Dkt. Nos. 15, 17, 19. Carr asked for and received one extension of time in which to file a reply. Dkt. No. 28. Carr was cautioned that if she did not file a reply by the date set, I would proceed to adjudicate her appeal nonetheless. Carr's reply brief was due on March 1, 2017.  No reply brief was filed.  *Id*.

4

investigation into the claim would have served no purpose.

The Trustee did not violate any of the duties identified by Carr.[4]

As to the actions of the Bankruptcy Court, the Judge adopted the Trustee's Objections, which did not mention Chase. Moreover, the Trustee's objections assumed that Carr had – as *she* asserted in *her* Plan – $605,000 equity in her residence "unencumbered" by any liens. That is why Carr's Plan violated the Chapter 7 liquidation analysis.[5] Dkt. No. 26. Finally, even other than the Chapter 7 issue, the Plan had additional defects which prevented its confirmation, including the disparate treatment of unsecured creditors. There were numerous grounds, separate and apart from the Chase issue, that gave the Bankruptcy Judge grounds to adopt the Trustee's objections and dismiss the case.[6] Carr does not challenge these grounds or provide any argument as to why the Judge could not rely on them in adopting the Trustee's objections to the Plan and dismissing the case. *See* 11 U.S.C. § 1307(c)(1) (allowing dismissal for delay and prejudice to creditors).

The Bankruptcy Judge's Order adopting the objections and dismissing the case is AFFIRMED. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: March 9, 2017

William H. Orrick
United States District Judge

---

[4] Carr also alleges that the Trustee violated her duty to report suspected "criminal activity" by a creditor – here Chase – under 28 U.S.C. § 586(a)(3)(F). Opening Brief at 4-5. Carr's allegations that Chase or its lawyers submitted false and criminal claims in the Bankruptcy proceedings is purely speculative and without support and provides no basis for a finding that the Trustee breached a fiduciary or statutory duty.

[5] General unsecured creditors must receive at least as much under a Chapter 13 plan as they would receive under a Chapter 7 liquidation. 11 U.C.S. § 1325(a)(4).

[6] Carr additionally argues that she is entitled under various consumer protection statutes to test the validity of Chase's claims against her Residence. Those claims, however, are not appropriately resolved in a Chapter 13 proceeding nor on an appeal to this Court from the dismissal of a Chapter 13 proceeding. Similarly, her claims that Chase abused the process of law and engaged in malicious prosecution are irrelevant to this appeal (as well as the decision below) because as noted, Chase never filed a perfected claim in the Bankruptcy Court proceedings and neither the Trustee or the Judge relied on any of Chase's representations in objecting to the Plan and dismissing the case.